UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL GONGLIEWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>PROCTER AND GAMBLE PAPER PRODUCTS,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES Plaintiff, Carol Gongliewski, by and through her attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff bring this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, alleging she was subjected to Gender Discrimination and subsequently terminated because she is a woman.

2. Plaintiff also alleges discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§621-623, because younger individuals received preferential treatment allowing them to get promotions while Plaintiff was not given the same opportunities.

## II. Jurisdiction and Venue

3. This action arises under the ADA, 42 U.S.C. §§12101-12203 and the ADEA, 29 U.S.C. §§621-623. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## III. Parties

6. Plaintiff, Carol Gongliewski ("Plaintiff"), is an adult individual residing at 647 Pratt Hollow Road, Nicholson, PA 15068 of Susquehanna County, Commonwealth of Pennsylvania.

7. Defendant, Procter and Gamble Paper Products, LLC ("Defendant"), is a business with a registered address at PO Box 32, Route 87, Mehoopany, PA 18629 of Wyoming County, Commonwealth of Pennsylvania.

## IV. Facts

8. Plaintiff became employed with the Defendant on April 9, 2012.

9. Starting in March of 2013, the Plaintiff became subjected to discriminatory treatment because of her Gender and Age.

10. The first incident of gender discrimination occurred around June/July of 2012.

    a. Plaintiff was working a normal shift when the production line went down.

    b. Plaintiff was watching how it was being fixed when Bill Toler ("Mr. Toler"), the Line Leader, told the Plaintiff to sweep the floor and made a comment about going to do "woman's work."

11. Another incident of gender discrimination occurred around March 2013.

    a. The Plaintiff was required to learn specific criteria in order to advance to the next tech level.

    b. The Plaintiff was eager to advance so she started to go over the criteria with Joe Michael ("Mr. Michael"), the Line/Safety Leader. However, the Plaintiff was moved to another production line with a person that couldn't help her learn her criteria in order to advance to the next tech level.

    c. Plaintiff would ask the Team Leader, AJ Daley ("Mr. Daley"), to help her learn her criteria so she could advance to the next tech level. Mr. Daley would always say yes but would never actually help the Plaintiff.

    d. There was a young man named Coty Wright ("Mr. Wright") that started after the Plaintiff did. Mr. Daley would always help him with his criteria.

        i. The attention that Mr. Daley gave to Mr. Wright allowed Mr. Wright to achieve the Tech 2 level.

        ii. Plaintiff was never able to achieve the Tech 2 level. Plaintiff was still trying to achieve a Tech 1 level.

12. The final incident of discrimination occurred on October 29, 2013 when Plaintiff was terminated for an alleged rule violation that occurred on October 21, 2013.

13. Plaintiff primarily worked on the production line while she was employed by the Defendant.  On October 21, 2013, Plaintiff was working on the production line.

    a. It is customary for two employees to run a production line because it is complex. Each person is responsible for a particular section of the production line.

    b. At the outset of the Plaintiff's shift, Linda Newton ("Ms. Newton"), the woman who usually runs the production line with the Plaintiff, left the Plaintiff to handle the entire line herself.

    c. Plaintiff was forced to run the entire production line herself for the majority of her scheduled 12-hour shift from 7PM (on October 20, 2014) to 7AM (on October 21, 2014).

    d. During the Plaintiff's shift, she needed to change a poly wrapper roll.  The Plaintiff admits to doing this in the past but it is usually Ms. Newton who changes the poly wrapper roll because she handles that section of the production line.

    e. When Plaintiff went to change the poly wrapper roll, she did not lock out.

        i. A lock out is when an employee disconnects the electricity from the machine.  It's a switch that allows an employee to enter the machine in order to change a poly wrapper.  The typical procedure to change a poly wrapper is: (1) lock out the machine, (2) take old poly wrapper out of the machine, (3) replace it with a new poly roll and (4) unlock the machine.

 f. Plaintiff did not lock out because she had never done that in the past. Plaintiff was trained that if she is working on the <u>inside</u> of the poly wrapper, she is required to lock out. However, if she is working on the <u>outside</u> of the poly wrapper, she is not required to do so.

 g. On October 21, 2013, the Plaintiff was working on the <u>outside</u> of the poly wrapper when she went to change the poly wrapper roll. Therefore, the Plaintiff did not lock out.

 h. Plaintiff was not counseled on this mistake until October 24, 2013 when she had a meeting with Chris Pieszala ("Mr. Pieszala") and Michael Carroll ("Mr. Carroll").

  i. As a result of the meeting, Plaintiff was sent home for the day and was not permitted to finish her shift.

 i. On October 29, 2013, Mr. Pieszala and Mr. Carroll terminated the Plaintiff.

 j. Neither Mr. Pieszala nor Mr. Carroll was present on October 21, 2013. Neither observed the Plaintiff commit the alleged violation.

 k. In the past, employees forgot to lock out all the time and were never terminated for it. In fact, shortly before the incident on October 21, 2013, the Plaintiff spoke with Mr. Pieszala about locking out. Mr. Pieszala said, "it was normal that if someone forgot to lock out, you just tell them and then they do it. No one really gets in trouble."

<u>Count I</u>
**Discrimination in Violation of Title VII**

14. The preceding paragraphs are incorporated herein as if set forth at length.

15. The Plaintiff is a member of a protected class under Title VII.

16. Plaintiff is a woman who was discriminated against and subsequently terminated because of her gender.

17. Defendant discriminated against the Plaintiff in violation of Title VII in the following ways:

    a. In March of 2013, the Plaintiff was not able to learn her criteria that would allow her to advance to the next tech level.

        i. The Team Leader, Mr. Daley, would help another male employee, Mr. Wright, learn his criteria so he could advance to the next tech level.

        ii. Mr. Wright was able to achieve the Tech 2 level.

        iii. Plaintiff was never able to achieve the Tech 2 level. Plaintiff was still trying to achieve a Tech 1 level.

    b. In June/July of 2013, the Line Leader, Mr. Toler, told the Plaintiff to sweep the floor and made a comment about going to do "woman's work."

    c. On October 29, 2013, the Plaintiff was terminated for allegedly not following procedure on October 21, 2014.

        i. Other employees would violate procedure on numerous occasions but were never terminated.

        ii. Plaintiff was singled out because she is a woman.

## Count II
### Discrimination in Violation of the ADEA

18. The preceding paragraphs are incorporated herein.

19. Plaintiff was born on June 26, 1961 and was 52 years old when the Defendant terminated her.

20. Defendant discriminated against the Plaintiff in violation of the ADEA in the following ways:

    a. In March of 2013, the Plaintiff was not able to receive training to learn her criteria that would allow her to advance to the next tech level.

        i. The Team Leader, Mr. Daley, would help a younger employee, Mr. Wright, learn his criteria so he could advance to the next tech level.

        ii. Mr. Wright was able to achieve the Tech 2 level.

        iii. Plaintiff was never able to achieve the Tech 2 level. Plaintiff was still trying to achieve a Tech 1 level.

    b. On October 29, 2013, the Plaintiff was terminated for allegedly not following procedure on October 21, 2013.

        i. Other younger employees would violate procedure on numerous occasions but were never terminated.

        ii. Plaintiff was singled out because she is an older employee.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

    a. Loss of back wages in an amount exceeding $9,167;

    b. Loss of back wages (with part-time work taken into account) in an amount exceeding $11,875;

c. Loss of front wages in an amount exceeding $50,226;

d. Additional liquidated and punitive damages;

e. Plaintiff's legal fees in an amount exceeding $25,000;

f. Pre-judgment and continuing interest;

g. Court costs; and

h. Other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/   Christi Wallace
Pa ID: 313721
**KRAEMER, MANES & ASSOCIATES, LLC**
US Steel Tower
600 Grant St, Suite 660
Pittsburgh, PA 15219
(412) 722-9700 Direct
(412) 206-0834 Fax
cw@lawkm.com
Counsel for Plaintiff